**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| Anzoni Q.B., | Case No. 26-cv-1677 (KMM/EMB) |
| Petitioner, | |
| v. | **ORDER** |
| Kristi Noem, et al., | |
| Respondents. | |

---

This matter is before the Court on the Petition for a Writ of Habeas Corpus filed by Petitioner Anzoni Q.B. (Dkt. 2.) Anzoni Q.B. asks the Court to order his immediate release from his current detention by federal immigration authorities. Respondents argue that the Court should dismiss the petition for lack of jurisdiction or transfer venue to the Western District of Texas because Petitioner was not in custody in Minnesota when he filed his petition, or to deny the petition on its merits. For the reasons that follow, this matter is transferred to the Western District of Texas.

## BACKGROUND

Anzoni Q.B. is a citizen of Mexico who has lived in the United States since 2024. (Dkt. 2 ¶ 1.) Upon entry to the United States on March 11, 2024, Q.B. was released on his own recognizance and issued a Notice to Appear. (*Id.* ¶ 45.) Q.B. filed an asylum application on March 7, 2025. (*Id.* ¶ 46.) He has no criminal history and has never missed an immigration court hearing or violated any of his release conditions. (*Id.* ¶ 47.) Nonetheless, Q.B. was arrested in Minnesota on January 16, 2026. (*Id.* ¶ 48.) He was then

transferred to an ICE facility in El Paso, Texas the following day, January 17, 2026. (Dkt. 6 ¶ 6.) Q.B. filed his petition on February 27, 2026. (Dkt. 2.)

## DISCUSSION

Respondents challenge the Court's jurisdiction to address this matter because ICE transferred Petitioner to the Western District of Texas more than a month before he filed the petition. Relying on *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), Respondents argue Petitioner's pre-filing transfer to Texas prevents this Court from adjudicating his petition. (Dkt. 5.) To the extent Respondents suggest that Petitioner's transfer deprives the Court of subject matter jurisdiction, the Court disagrees.

In *Padilla*, the Supreme Court considered whether the petitioner, who the federal government transferred into military custody at a naval brig in South Carolina prior to his filing of a habeas petition, properly filed his petition in the Western District of New York. 542 U.S. at 430–32. The Court held that the proper respondent in a habeas case challenging physical custody is the petitioner's "immediate custodian." *Id.* at 439, 442. Further, based on the language in 28 U.S.C. § 2241(a), the Court concluded that "jurisdiction over [the] habeas petition lies in [a particular district court] only if it has jurisdiction over [the immediate custodian]." *Id.* at 442. But in explaining these rules, the Court was clear that it was not addressing subject-matter jurisdiction. *Id.* at 434 n.7 ("The word 'jurisdiction,' of course, is capable of different interpretations. We use it in the sense that it is used in the habeas statute, 28 U.S.C. § 2241(a), and not in the sense of subject-matter jurisdiction of the District Court."); *see also id.* at 451 (Kennedy, J., concurring) (explaining that the

"immediate custodian" and "territorial jurisdiction" rules "are not jurisdictional in the sense of a limitation on subject-matter jurisdiction").[1]

Although the Supreme Court has not subsequently clarified whether the immediate-custodian and territorial-jurisdiction rules are matters of personal jurisdiction or venue, nothing in *Padilla* suggests that this Court lacks *subject-matter jurisdiction* because a petition is filed in this District after a petitioner has already been transferred outside of Minnesota. The Court, therefore, declines Respondents' invitation to dismiss this matter for lack of subject-matter jurisdiction. *Mathena v. United States*, 577 F.3d 943, 946 n.3 (8th Cir. 2009) (stating that even though petitioner did not file his habeas in the district where he was confined that "defect did not deprive the district court of subject matter jurisdiction").

Even though the Court has subject-matter jurisdiction, that conclusion does not end the inquiry regarding the proper forum for Petitioner's challenge to his confinement. Respondents argue that the Court should transfer the petition to the Western District of Texas. *Padilla* states that the proper forum for a habeas petition challenging physical detention is in the district where the petitioner is confined. 542 U.S. at 443 ("[F]or core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."); *id.* at 442 ("Accordingly, with respect to habeas petitions 'designed to relieve an individual from oppressive confinement,' the traditional

[1] Although the Court did not ultimately resolve precisely the doctrine to which these rules belong, the *Padilla* concurrence indicates that they are "best understood as a question of personal jurisdiction or venue." 542 U.S. at 451 (Kennedy, J., concurring).

rule has always been that the Great Writ is 'issuable only in the district of confinement.'" (quoting *Carbo v. United States*, 364 U.S. 611, 618 (1961)). The district of confinement in this case is the Western District of Texas. The Western District of Texas was also the district of confinement when Petitioner filed his petition in this District. Accordingly, the proper forum for the petition in this case is in the Western District of Texas, not this Court.

"An exception [to the district-of-confinement rule] is recognized, however, where the petitioner's location is unknown at the time of filing—such as when the petitioner is in transit—or where immigration authorities have not disclosed where the petitioner is being detained or by whom, and circumstances have prevented or precluded contact with counsel." *Adriana M.Y.M. v. Easterwood*, No. 26-cv-213 (JWB/JFD), 2026 WL 184721, at *2 (D. Minn. Jan. 24, 2026); *Aleksander B. v. Trump*, No. 26-cv-170, 2026 WL 172435, at *2 (D. Minn. Jan. 22, 2026) (collecting cases that recognized this exception).[2] But this exception does not apply here because the allegations in the petition show that Petitioner's counsel knew Q.B. was located in Texas at the time the petition was filed, and that he had been there for some time. (*See* Dkt. 2 ¶ 8.) Under these circumstances, the Court finds that transfer to the district of confinement is the appropriate result. *E.g.*, *Jonnathan X.D.B. v. Kristi Noem*, No. 26-cv-588 (DWF/DJF), 2026 WL 222189, at *1 (D. Minn. Jan. 28, 2026) (finding that exception to district-of-confinement rule did not apply where counsel knew

[2] This case differs materially from the undersigned's recent decision in *Aleksander B*. There, the petitioner's whereabouts were not known to counsel when the petition was filed and the respondents were not forthcoming with information when the petitioner's counsel asked them about his location for several days. 2026 WL 172435, at *3. Here, Petitioner was transferred out of this District more than a month before the petition was filed and counsel was clearly aware of his location prior to drafting the petition.

about petitioner's location in another district when the petition was filed but transferring to the place of confinement rather than dismissing based on the court's concerns that petitioner's detention was unlawful).[3]

**ORDER**

For the reasons discussed above, **IT IS HEREBY ORDERED THAT** this matter is **TRANSFERRED** to the Western District of Texas. The Clerk of Court is directed to effectuate the transfer without delay.

Dated: March 2, 2026

*s/Katherine M. Menendez*
Katherine M. Menendez
United States District Judge

---

[3] The Court might reach a different decision if it appeared that transfers were being made specifically to obscure a petitioner's location, or to deprive a petitioner of accessing his counsel. There is nothing in the record before the Court to support either suggestion.